RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/30/14

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RAFAEL A. LLOVERA LINARES,<br>    Petitioner | CIVIL ACTION<br>1:13-CV-3297 |
| VERSUS | |
| DEPARTMENT OF HOMELAND<br>SECURITY,<br>    Respondent | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Rafael A. Llovera Linares ("Llovera") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 26, 2013[1] (Doc. 1). Llovera, a native and citizen of Venezuela, entered the United States in 1995 as a nonimmigrant visitor and remained beyond the time permitted without a change in his status (Doc. 1, Ex. B, p. 27/73); subsequently, Llovera was convicted of an aggravated felony and ordered removed (Doc. 1, Ex. B, pp. 26-27/73). Llovera then applied for asylum and for withholding or deferral of removal, which were denied (Doc. 1, Ex. B, p. 37/73, Ex. C, ).

In his habeas petition, Llovera asks for a permanent injunction granting a permanent stay of removal from the United States (Doc. 1). Llovera also filed a motion for preliminary

---

[1] Llovera actually filed a motion for permanent injunction which the court characterized as a petitio for habeas relief.

injunction (Doc. 6), alleging that he has requested a U-VISA certification[2] (Doc. 6). Llovera is presently confined in the

---

[2] The Victims of Trafficking and Violence Protection Act of 2000 (VTVPA) amended the Immigration and Nationality Act (INA) in part to create a new type of visa, known as a "U-Visa." VTVPA, Pub.L. No. 106-386, 114 Stat. 1464 (Oct. 28, 2000). U-Visas can be granted to victims of certain listed crimes who later help United States law enforcement officials investigate or prosecute those crimes. 8 U.S.C.A. § 1101(a)(15)(U)(I). In order to obtain a U-Visa, an alien who was the victim of an enumerated crime must obtain a "certification" from law enforcement officials confirming that he was helpful to the investigation or prosecution of the crime. 8 U.S.C.A. § 1184(p)(1). <u>Ordonez Orosco v. Napolitano</u>, 598 F.3d 222, 224 (5th Cir.), cert. den., __ U.S. __, 131 S.Ct. 389 (2010). In regulations implementing the U visa provision, the Department of Homeland Security (DHS) explained:

> "The purpose of the U nonimmigrant classification is to strengthen the ability of law enforcement agencies to investigate and prosecute such crimes as domestic violence, sexual assault, and trafficking in persons, while offering protection to alien crime victims in keeping with the humanitarian interests of the United States.
> ....
> "Alien victims may not have legal status and, therefore may be reluctant to help in the investigation or prosecution of criminal activity for fear of removal from the United States. In passing this legislation, Congress intended to strengthen the ability of law enforcement agencies to investigate and prosecute cases of domestic violence, sexual assault, trafficking of aliens and other crimes while offering protection to victims of such crimes. See BIWPA, sec. 1513(a)(2)(A). Congress also sought to encourage law enforcement officials to better serve immigrant crime victims. Id."

Eligibility for "U" Nonimmigrant Status (Interim Rule), 72 Fed.Reg. 53014-15 (Sept. 17, 2007). <u>In re Certification Form for U Visa for Movant Nunez-Ramirez</u>, 2013 WL 6273961 (S.D.Tex. 2013).

Jurisdiction over the grant or denial of a U Visa to an alien rests with the United States Citizenship and Immigration Services (USCI), and any decision by the certifying official to sign or decline to sign the status certification is discretionary. See 8 C.F.R. §§ 214.14(a)(12), (b), (c)(4).

2

LaSalle Detention Center in Trout, Louisiana.

Law and Analysis

On May 11, 2005, the Real ID Act of 2005 was enacted as part of the Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005. P.L. 109-13, 2005 HR 1268. Section 106 of the Act amended 8 U.S.C. § 1252(a) by providing that a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of the Immigration and Nationality Act. Toledo-Hernandez v. Mukasey, 521 F.3d 332, 333 (5th Cir. 2008), citing Rosales v. Bureau of Immigration and Customs Enforcement, 426 F.3d 733, 736 (5th Cir.2005), cert. denied, 546 U.S. 1106, 126 S.Ct. 1055 (2006).

Thus, the Real ID Act deprives the district courts of habeas jurisdiction to review orders of removal, 8 U.S.C. § 1252(a)(5), and further provides that habeas cases "challenging a final administrative order of removal" shall be transferred to the courts of appeals to be treated as petitions for judicial review, Real ID Act, § 106(c). See Toledo-Hernandez, 521 F.3d at 334. Also, Offiiong v. Holder, 864 F.Supp.2d 611 (S.D.Tex. 2012); Ukwu v. Mukasey, 2008 WL 123900 (N.D.Tex. 2008).

---

Bejarano v. Homeland Sec. Dept., 3000 Fed.Appx. 651, 653 (11th Cir. 2008).

A stay of removal pending a decision on an application for a U-Visa is provided for in 8 C.F.R. 214.14(1)(ii), as follows:

> (ii) Petitioners with final orders of removal, deportation, or exclusion. An alien who is the subject of a final order of removal, deportation, or exclusion is not precluded from filing a petition for U-1 nonimmigrant status directly with USCIS. The filing of a petition for U-1 nonimmigrant status has no effect on ICE's authority to execute a final order, although the alien may file a request for a stay of removal pursuant to 8 CFR 241.6(a) and 8 CFR 1241.6(a). If the alien is in detention pending execution of the final order, the time during which a stay is in effect will extend the period of detention (under the standards of 8 CFR 241.4) reasonably necessary to bring about the petitioner's removal.

As stated above, the filing of a petition for a U-Visa has no effect on ICE's authority to remove an alien pursuant to a final removal order. A request for stay of removal should be filed with the district director of ICE, rather than the district court, as provided in 8 C.F.R. 241.6 and 8 C.F.R. 1241.6[3]:

> (a) Any request of an alien under a final order of deportation or removal for a stay of deportation or removal shall be filed on Form I-246, Stay of Removal, with the district director having jurisdiction over the place where the alien is at the time of filing. The Commissioner, Deputy Commissioner, Executive Associate Commissioner for Field Operations, Deputy Executive Associate Commissioner for Detention and Removal, the Director of the Office of Juvenile Affairs, regional directors, or district director, in his or her discretion and in consideration of factors listed in 8 CFR 212.5 and section 241(c) of the Act, may grant a stay of removal or deportation for such time and under such conditions as he or she may deem appropriate. Neither the request nor

---

[3] Section 1241.6 provides: "(a) An alien under a final order of deportation or removal may seek a stay of deportation or removal from the Department of Homeland Security as provided in 8 CFR 241.6."

4

failure to receive notice of disposition of the request shall delay removal or relieve the alien from strict compliance with any outstanding notice to surrender for deportation or removal.
(b) Denial by the Commissioner, Deputy Commissioner, Executive Associate Commissioner for Field Operations, Deputy Executive Associate Commissioner for Detention and Removal, Director of the Office of Juvenile Affairs, regional director, or district director of a request for a stay is not appealable, but such denial shall not preclude an immigration judge or the Board from granting a stay in connection with a previously filed motion to reopen or a motion to reconsider as provided in 8 CFR part 3.

As set forth above, ICE has jurisdiction to grant a stay of removal or to hear an appeal of the denial of a stay of removal pending a decision on a U-Visa application, not the district court. Therefore, Llovera's application for injunctive relief granting a preliminary injunction to stay his removal pending the decision on his U-Visa application is improperly filed with the district court, and should be dismissed.

Also, Llovera requests a permanent injunction against removal in his habeas petition, which effectively challenges the order to remove him.[4] Since Llovera's request for permanent injunctive relief challenges his original removal order, the district court

---

[4] Llovera's application for a U-Visa has not yet been granted or denied. Therefore, Llovera's habeas petition for a permanent injunction against removal challenges his original removal order rather than a decision on his U-Visa application.
  Moreover, jurisdiction over the grant or denial of a U-Visa to an alien rests with the United States Citizenship and Immigration Services (USCI), and any decision by the certifying official to sign or decline to sign the status certification is discretionary. See 8 C.F.R. § § 214.14(a)(12), (b), (c)(4).

5

lacks jurisdiction to consider it.  Therefore, his habeas petition and motion for stay of removal should be transferred to the Fifth Circuit Court of Appeals for consideration.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Llovera's motion for a preliminary injunction (Doc. 6) be DENIED for lack of subject matter jurisdiction.

IT IS FURTHER RECOMMENDED that Llovera's habeas petition/motion for permanent injunctive relief be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit, due to the district court's lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 29th day of January 2014.

*[signature]*
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE